IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERTO MARTINEZ, #57869-177, § <br> MOVANT, § <br> § <br> v. § <br> § <br> § <br> UNITED STATES OF AMERICA, § <br> RESPONDENT. § | CIVIL CASE NO. 3:23-CV-872-N-BK <br> (CRIMINAL CASE NO. 3:18-CR-519-N-13) |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Roberto Martinez's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed here, the motion should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

### I. BACKGROUND

On January 7, 2020, Martinez pled guilty to Conspiracy to Possess with Intent to Distribute and Distribution of a Schedule II Controlled Substance and, on April 16, 2021, was sentenced to 144 months' imprisonment. Crim. Doc. 647.[2] The United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence on November 18, 2021. Crim. Doc.

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

[2] All "Crim. Doc." citations refer to the related criminal case, *United States v. Martinez*, No. 3:18-CR-519-N-13 (N.D. Tex.).

784. Martinez later sent an inquiry letter to the district clerk, dated April 6, 2023, asking the status of his appeal. Crim. Doc. 823. The district clerk received the letter on April 11, 2023, and promptly replied on April 12, 2023, that the appeal had been terminated and included a copy of the docket sheet and judgment. Crim. Doc. 823 at 3.

On April 24, 2023, Martinez filed the instant § 2255 motion, alleging ineffective assistance of counsel at sentencing and providing a copy of his inquiry letter and the district clerk's response. Doc. 2 at 4-7, 12-13; Doc. 2 at 12-13. On April 26, 2023, the Court directed Martinez to file a response addressing the application of the one-year limitations period, as his § 2255 motion appeared time-barred. Doc. 4. To date, Martinez has failed to respond.

That notwithstanding, after a review of the relevant pleadings and law, the Court concludes that Martinez's § 2255 motion is barred by the applicable limitations period and should be dismissed.

## II. ANALYSIS

### A. § 2255 Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Martinez does not allege any facts that could trigger a starting date under § 2255(f)(2)-(4), so the limitations period began to run when his judgment of conviction became final. *See* § 2255(f)(1).

Martinez's direct appeal was affirmed on November 18, 2021, and he did not petition for a writ of certiorari. Crim. Doc. 784. His judgment of conviction thus became final on February 16, 2022—after the 90-day period to file a petition for certiorari expired. *See Clay v. United*

*States*, 537 U.S. 522, 527 (2003).³  Therefore, the one-period for filing provided by § 2255(f)(1) elapsed on February 16, 2023.  And Martinez's § 2255 motion—deemed filed on April 18, 2023, two months later—is time-barred, absent equitable tolling.⁴

    **B. Equitable Tolling**

    Martinez presents no facts that allow the Court to find that equitable tolling is warranted in this case.  While the § 2255 form prompted Martinez to explain why his § 2255 motion was untimely, he merely asserts that he "was never properly notified that his appeal was denied" and maintains that his "right to file a timely appeal was violated due to not being notified."  Doc. 2 at 11.  As noted, Martinez did not ask about the status of his appeal until April 6, 2023.  Doc. 2 at 12.  The district clerk received the letter on April 11, 2023, and promptly replied on April 12, 2023, that the appeal had been terminated on December 10, 2021—more than 16 months prior.  Doc. 2 at 12.

    Equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances."  *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016).  A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently,

---

³ Contrary to his assertions, Martinez's direct appeal was affirmed on November 18, 2021, *not* December 10, 2021, when the mandate issued.  Doc. 2 at 2; Crim. Doc. 785.  Further, the mandate date is inapplicable in determining when a conviction is final for purposes of the one-year statute of limitation.  *See Clay*, 537 U.S. at 524-25 ("reject[ing] the issuance of the appellate court mandate as the triggering date" for the limitations period in § 2255 cases); *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008) (same).

⁴ Martinez did not date his § 2255 motion; nor did he certify the date on which he placed it in the prison mailbox.  Doc. 2 at 11.  He states that he received the letter from the district clerk notifying him of the dismissal of his appeal on April 17, 2023.  Doc. 2 at 11.  His § 2255 is therefore deemed filed at the earliest on April 18, 2023, the date it was postmarked.  Doc. 2 at 13.  *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings (applying the "mailbox rule" to inmates who use jail/prison's mail system).

and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations and quoted case omitted).

Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Wheaten*, 826 F.3d at 851 (quotations mark and citations omitted). "[A] garden variety claim of excusable neglect . . . does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (quotations mark and citations omitted). And unfamiliarity with the legal process does not justify equitable tolling. *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008).

Further, equitable tolling requires a litigant to pursue his rights with "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citations and quotation marks omitted). Courts have also stressed that equitable tolling "is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quotation marks and citation omitted). In evaluating "when an attorneys' conduct may amount to extraordinary circumstances, the Supreme Court has differentiated between garden variety claims of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, which do not warrant equitable tolling, and abandonment by counsel." *Wheaten*, 826 F.3d at 852 (cleaned up) (*comparing Maples v. Thomas*, 565 U.S. 266, 282-83 (2012), *with Holland*, 560 U.S. at 651-52).

Martinez presents no argument or evidence that he diligently pursued his rights or that extraordinary circumstances prevented him from timely filing his § 2255 motion. *See* Doc. 2 at 11. Indeed, he waited almost two years from the filing of his notice of appeal on April 23, 2021, to send his inquiry letter (dated April 6, 2023) to the district clerk and presents no justification for the delay. Nor does Martinez allege that he tried to communicate with his appointed counsel

or the district clerk about the status of his direct appeal during the two-year period. And the record confirms counsel mailed Martinez a copy of the appellant's brief on July 21, 2021, within three months of filing the notice appeal. *See United States v. Martinez*, USCA No. 21-10435, Appellant Br. at 16. The Court thus discerns no "rare and exceptional circumstances" that prevented Martinez from requesting the status of his direct appeal sooner or timely filing his § 2255. *See Petty*, 530 F.3d at 364.

Moreover, even if appellate counsel failed to inform Martinez timely of the outcome of his direct appeal, such a failure amounts to garden-variety negligence. *Holland*, 560 U.S. at 651; *see also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)) ("'[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.'") (quoting *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)). Appellate counsel's conduct also does not amount to the type of abandonment that previously has been found to constitute an extraordinary circumstance justifying equitable tolling. *Cf. Maples*, 565 U.S. at 281-83 (where counsel failed to communicate with petitioner for years and failed to represent him in any capacity during the period for filing an appeal). Under these facts, Martinez contends that, at most, his counsel was only negligent in allegedly failing to inform him of the outcome of the appeal.

Based on the foregoing, Martinez has failed to establish that extraordinary circumstances actually *prevented him* from timely filing his § 2255 motion. More specifically, Martinez has not shown how counsel's failure to notify him of the dismissal of his appeal (even assuming it is true) amounted to egregious behavior or prevented Martinez, in some extraordinary way, from timely asserting his rights. *See Wheaten*, 826 F.3d at 852 ("[C]ounsel's failures cannot be said to have 'stood in his way and prevented timely filing' of his § 2255 motion."); *O'Veal v. Davis*, 664

F. App'x 355 (5th Cir. 2016) (per curiam) (denying equitable tolling because of counsel's failure to notify the petitioner that his appeal had been dismissed because the petitioner "ha[d] not pointed to any authority suggesting that an attorney's failure to notify a defendant of the status of his case rises to the level of an extraordinary circumstance that prevents the defendant from timely filing a federal habeas petition"). *See also Cervantes v. United States,* No. 3:19-CV-1384-B-BK, 2019 WL 7593243, at *3 (N.D. Tex. Dec. 19, 2019) (finding no basis for equitable tolling based on counsel's alleged failure to inform movant of the outcome of his appeal where movant alleged no extraordinary circumstances that prevent timely filing of his § 2255 motion), *R.&R. accepted*, 2020 WL 247454, at *1 (N.D. Tex. Jan. 15, 2020), *certificate of appealability denied*, No. 20-10150, 2021 WL 3525024, at *1 (5th Cir. Mar. 2, 2021).

Further, Martinez alleges no other external impediment.  Nor has he demonstrated that he was reasonably diligent in pursuing his habeas rights, as previously noted.  He waited until April 6, 2023, over one year and eight months after he was mailed the July 21, 2021 *Appellant's Brief*, and nearly two years after the notice of appeal was first filed, before contacting the district clerk for a status update.  *See Lopez v. United States*, 512 F. App'x 1001, 1004 (11th Cir. 2013) (per curiam) (denying equitable tolling because movant was not reasonably diligent in his efforts to ascertain the disposition of his direct appeal before filing his untimely § 2255 motion).

This also is not a case in which the movant attempted to obtain information from his counsel but was repeatedly ignored or misled by his attorney.  *See Holland*, 560 U.S. at 653. Indeed, Martinez does not state that he even wrote to his appellate counsel to seek a status update about his appeal.  *See O'Veal*, 664 F. App'x 355, 357 (concluding prisoner was not diligent because he failed to contact appellate counsel about the status of his appeal); *Lewis v. Cockrell*, 33 F. App'x 704, at *4 (5th Cir. 2002) (per curiam) (same); *see also Palacios v. Stephens*, 723

F.3d 600, 606 (5th Cir. 2013) (finding failure to inquire sooner a balancing circumstance to determine whether inmate was diligent and thus entitled to equitable tolling).

Further, extended periods of inactivity and unexplained delays, as in this case, do not reflect due diligence or rare and extraordinary circumstances.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (concluding "equity is not intended for those who sleep on their rights" (quotation and citations omitted)).  And while Martinez promptly mailed his § 2255 motion after receiving the April 12, 2023 response from the district clerk, his diligence simply came too late.

Finally, neither Martinez's *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-66 (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).

In sum, Martinez presents no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion.  He has thus failed to carry his burden of establishing that equitable tolling is warranted in this case.  *See Petty*, 530 F.3d at 365.

### III. CONCLUSION

For all these reasons, Martinez's motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(b) of the Rules Governing Section 2255 Proceedings.

**SO RECOMMENDED** on October 23, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).